**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TELECONFERENCE SYSTEMS, LLC, | |
| Plaintiff, | |
| v. | |
| HEWLETT-PACKARD COMPANY, | Case No. _____ |
| ASTRAZENECA PHARMACEUTICALS, LP, | **PATENT CASE** |
| THE DOW CHEMICAL COMPANY, | **JURY TRIAL DEMANDED** |
| ADVANCED MICRO DEVICES, INC., | |
| DREAMWORKS ANIMATION SKG, INC., | |
| MARRIOTT INTERNATIONAL, INC., and | |
| AMERICAN INTERNATIONAL GROUP, INC. | |
| Defendants. | |

## COMPLAINT

Teleconference Systems, LLC., ("Plaintiff") files this Complaint against Hewlett-Packard Company, AstraZeneca Pharmaceuticals LP, The Dow Chemical Company, Advanced Micro Devices, Inc., DreamWorks Animation SKG, Inc., Marriott International, Inc., and American International Group, Inc. (collectively "Defendants") for infringement of United States Patent No. 6,980,526 (hereinafter "the '526 Patent"), a copy of which is attached as Exhibit A.

**JURISDICTION**

1.     This is an action for patent infringement under title 35 of the United States code.  Plaintiff is seeking injunctive relief as well as damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.     Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

4.     Plaintiff is a Texas Limited Liability Company

5.     Defendant Hewlett-Packard Company ("HP") is a Delaware Corporation with its principal office located in Palo Alto, California.  HP has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent.  HP has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

6.     Defendant AstraZeneca Pharmaceuticals, LP. ("AstraZeneca"), is a Delaware corporation with its U.S. Corporate Headquarters located in Wilmington, Delaware.  AstraZeneca has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. AstraZeneca has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

7.     Defendant The Dow Chemical Company ("Dow Chemical"), is a Delaware Corporation with its principal office located in Midland, Michigan.  Dow Chemical has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or

systems that infringe one or more claims of the '526 patent. Dow Chemical has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

8.      Defendant Advanced Micro Devices, Inc. ("AMD"), is a Delaware Corporation with its principal office located in Sunnyvale, California. AMD has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. AMD has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

9.      Defendant DreamWorks Animation, SKG ("DreamWorks"), is a Delaware corporation with its principal office located in Glendale, California. DreamWorks has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. DreamWorks has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

10.      Defendant Marriott International, Inc., ("Marriott") is a Delaware Corporation with its Corporate Headquarters in Bethesda, Maryland. Marriott has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Marriott has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

11.      American International Group. Inc. ("AIG") is a Delaware Corporation with its principal office located in New York, New York. AIG has made, used, sold, offered

for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent.  AIG has infringed and continues to infringe the '526 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

12.     On information and belief, the apparatuses and/or systems that are alleged herein to infringe are made, used, imported, offered for sale, and/or sold in the District of Delaware.

13.     This court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this district; do business in this district; and/or have systematic and continuous contacts in this district.

<u>COUNT I</u>

<u>(INFRINGEMENT OF U.S. PATENT 6,980,526)</u>

14.     Plaintiff incorporates paragraphs 1 through 13 herein by reference.

15.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

16.     Plaintiff is the exclusive licensee of the '526 patent with the sole right to enforce the '526 patent and sue infringers.

17.     The '526 Patent, titled "Multiple Subscriber Videoconferencing System," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

18.     On information and belief, Defendant HP has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the

apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

19.    On information and belief, Defendant AstraZeneca has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

20.    On information and belief, Defendant Dow Chemical has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

21.    On information and belief, Defendant AMD has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

22.    On information and belief, Defendant DreamWorks Animation has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

23.    On information and belief, Defendant Marriott has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

24.     On information and belief, Defendant AIG has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling the apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the HP Halo Telepresence product line.

25.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

26.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

27.     Plaintiff has complied with 35 U.S.C. § 287.

28.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

A.  Enter judgment for Plaintiff on this complaint;

B.  Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,980,526;

C.  Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

D.  Treble the damages in accordance with the provisions of 35 U.S.C. §284;

E.  Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F.  Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

G. Order the impounding and destruction of all Defendants' apparatuses that infringe the '526 patent;

H. Award Plaintiff pre-judgment and post judgment interest and costs; and

I. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


SMITH, KATZENSTEIN & FURLOW LLP

/s/ Robert J. Katzenstein
Robert J. Katzenstein (ID No. 378)
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Email: rjk@skfdelaware.com
        jep@skfdelaware.com
Attorneys for plaintiff
Teleconference Systems, LLC

Dated:   August 24, 2009

OF COUNSEL:

Anthony G. Simon
Timothy E. Grochocinski
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
St. Louis, MO 63101
Telephone: 314-241-2929
Facsimile: 314-241-2029